# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

ZELAIDO RIVERA GARCIA, MAURA GONZALEZ SALINAS, ADRIAN RAMIREZ-CUEVAS, CAMERINA CUEVAS LOPEZ, KATHLEEN YANKOVIC, JOHN YANKOVIC,

Plaintiffs,

v.

METRO GANG STRIKE FORCE, RON RYAN, former Metro Gang Strike Force Commander, DOE OFFICERS 1-34, individually and in their official capacities, OTHER UNKNOWN DOE OFFICERS, CITY OF WEST ST. PAUL, a municipal corporation, HENNEPIN COUNTY, a direct political subdivision of the State, DAKOTA COUNTY, a direct political subdivision of the State, RAMSEY COUNTY, a direct political subdivision of the State, CITY OF ST. PAUL, a municipal corporation, CITY OF MINNEAPOLIS, a municipal corporation, WASHINGTON COUNTY, a direct political subdivision of the State, CITY OF MAPLEWOOD, a municipal corporation, CITY OF LINO LAKES, a municipal corporation, CITY OF BROOKLYN PARK, a municipal corporation, CITY OF RICHFIELD, a municipal corporation, METROPOLITAN COUNCIL, METRO GANG STRIKE FORCE

Case No. 09-cv-01996-JNE-SRN

**WAIVER OF SERVICE OF SUMMONS AND AMENDED COMPLAINT**

ADVISORY BOARD, MANILA ("BUD") SHAVER, Chief of the West ST. Paul Police Department, KEN SCHILLING, Inspector at the Hennepin County Sheriff's Office, DAVE BELLOWS, Chief Deputy of the Dakota County Sheriff's Office, BOB FLECTCHER, Sheriff of the Ramsey County Sheriff's Office, JOHN HARRINGTON, Chief of the St. Paul Police Department, ROB ALLEN, Deputy Chief of the Minneapolis Police Department, BILL HUTTON, Sheriff of the Washington County Sheriff's Office, DAVE THOMALLA, Chief of the Maplewood Police Department, DAVE PECCHLA, Chief of the Lino Lakes Police Department, DAVE INDREHUS, Chief of the Metro Transit Police Department, MICHAEL DAVIS, Chief of the Brooklyn Park Police Department, BARRY FRITZ, Captain of the Richfield Police Department,

Defendants.

**TO:** PLAINTIFFS, ABOVE-NAMED, THROUGH THEIR ATTORNEYS, CHARLES S. ZIMMERMAN, ROBERT R. HOPPER, DAVID M. CIALKOWSKI; ZIMMERMAN REED PLLP, 651 NICOLLET MALL, SUITE 501, MINNEAPOLIS, MINNESOTA, 55402.

I acknowledge receipt of your request that I waive service of the summons and amended complaint in the above-referenced action in the United States District Court for the District of Minnesota, Court File 09-cv-01996-JNE-SRN.

I have also received a copy of the amended complaint in this action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of the summons and additional copies of the amended complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4 of the Federal Rules of Civil Procedure.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 of the Federal Rules of Civil Procedure is not served upon you within 60 days of October 1, 2009, or within 90 days after that date if the request was sent outside the United States.

Dated: 11/23/09  By: ______________________
Signature

Printed/Typed Name Manila Shaver

[as Chair]

[of Metro Gang Strike Force]

## DUTY TO AVOID UNNECESSARY EXPENSES OF SERVING A SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.