UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Zelaido Rivera Garcia,
Maura Gonzalez Salinas,
Adrian Ramirez-Cuevas,
Camerina Cuevas Lopez,
Kathleen Yankovic, John Yankovic,

Plaintiffs,

vs.

Metro Gang Strike Force, Ron Ryan, former Metro Gang Strike Force Commander, et al.,

Defendants.

Case No. 09-CV-01996 (JNE/AJB)

**JOINT ANSWER OF DEFENDANTS TO PLAINTIFFS' AMENDED COMPLAINT**

***Jury Trial Demanded***

**COMES NOW** the Defendants, Metro Gang Strike Force, Ron Ryan, the City of West St. Paul, Hennepin County, Dakota County, Ramsey County, the City of St. Paul, the City of Minneapolis, Washington County, the City of Maplewood, the City of Lino Lakes, the City of Brooklyn Park, the City of Richfield, the Metropolitan Council, the Metro Gang Strike Force Advisory Board, Manila "Bud" Shaver, Ken Schilling, Dave Bellows, Bob Fletcher, John Harrington, Rob Allen, Bill Hutton, Dave Thomalla, Dave Pecchia, Dave Indrehus, Michael Davis and Barry Fritz, and for their Joint Answer to Plaintiffs' Amended Complaint, state and allege as follows:

I.

That they deny each and every matter and thing contained in Plaintiffs' Complaint, except as admitted or qualified herein.

II.

That with regard to paragraph 1 of Plaintiffs' Amended Complaint, Defendants admit that paragraph 1 purports to be Plaintiffs' description of this action, deny that this action can be brought as a class action, and deny that Plaintiffs are entitled to the relief sought therein.

III.

That with regard to paragraphs 2, 3, 4, 5, 10, 11, 12, 16, 17, 18, 19, 25, 29 and 86 of Plaintiffs' Amended Complaint, Defendants are without sufficient information to admit or deny the same and therefore deny the same.

IV.

Defendants specifically deny the allegations contained in paragraphs 24, 28, 39, 40, 42, 43, 49, 50, 52, 53, 55, 57, 58, 59, 60, 61, 62, 64, 65, 68, 69, 70, 73, 74, 76, 79, 81, 82, 83, 87, 88, 89, 91, 92, 95, 96, 99, 101 and 102 of Plaintiffs' Amended Complaint. Defendants state that their investigation is ongoing, and that the answer could later be amended to account for newly discovered facts.

V.

That with regard to paragraph 6 of Plaintiffs' Amended Complaint, the allegations are too vague and ambiguous so as to be capable of response and, further, Defendants lack information sufficient to ascertain the truth or veracity of said allegations and therefore deny the same.

VI.

That with regard to paragraph 7 of Plaintiffs' Amended Complaint, Defendants upon information and belief admit that no drugs or contraband were discovered at the scene,

however, Defendants deny the remainder of the allegations contained in paragraph 7 of Plaintiffs' Amended Complaint.

VII.

That with regard to paragraph 8 of Plaintiffs' Amended Complaint, Defendants deny that MGSF officers illegally confiscated $100 from Plaintiff Garcia and therefore deny the allegations in the first and second sentences. With regard to the third sentence of paragraph 8 of Plaintiffs' Amended Complaint, Defendants assert that no administrative notice of forfeiture was required pursuant to law.

VIII.

That with regard to paragraph 9 of Plaintiffs' Amended Complaint, the term "telephone representative of ICE" does not make sense in the context of the remaining allegations and therefore this allegation is incapable of response.

IX.

That with regard to paragraphs 13, 14 and 15 of Plaintiffs' Amended Complaint, Defendants are without sufficient information at the present time so as to admit or deny having contact with Paul Salinas on or about June 2, 2009 and therefore deny the remainder of the allegations contained in paragraph 13 of Plaintiffs' Amended Complaint pending further investigation.

X.

That with regard to the first sentence of paragraph 20 of Plaintiffs' Amended Complaint, upon information and belief Defendants admit that a Gang Strike Force officer was familiar with Plaintiff Adrian Jorge Ramirez-Cuevas from previous encounters and admit that Cuevas was encountered by Metro Gang Strike Force agents outside of the

referenced apartment complex. Defendants deny the remainder of the allegations contained in paragraph 20 of Plaintiffs' Amended Complaint.

XI.

Defendants deny the allegations in the first and second sentences of paragraph 21 of Plaintiffs' Amended Complaint. Defendants are without sufficient information at the present time so as to admit or deny the last sentence of paragraph 21 and therefore deny the same pending further investigation.

XII.

That with regard to paragraph 22 of Plaintiffs' Amended Complaint, Defendants admit that pursuant to a search warrant, a search of 6940 – 54th Ave. N. #206 was conducted. Defendants deny the remainder of the allegations contained in paragraph 22 of Plaintiffs' Amended Complaint.

XIII.

Defendants deny the allegations contained in paragraph 23 of Plaintiffs' Amended Complaint, except to state that $160 was seized during execution of the search warrant.

XIV.

With regard to paragraph 26 of Plaintiffs' Amended Complaint, the terms "at such time and place" and the reference to "all officers" are unclear, Defendants are without sufficient information at the present time so as to admit or deny the allegations contained in paragraph 26 of Plaintiffs' Amended Complaint and, Defendants therefore deny the same.

XV.

That with regard to the first sentence of paragraph 27 of Plaintiffs' Amended Complaint, Defendants are without sufficient information at the present time so as to admit or deny the same and therefore deny the same. Defendants deny the second sentence of paragraph 27.

XVI.

With regard to paragraph 30 of Plaintiffs' Amended Complaint, Minn. Stat. § 299A.641 speaks for itself. To the extent Plaintiffs attempt to characterize the statute, paragraph 30 states a legal conclusion to which no response is required.

XVII.

With regard to paragraph 31 of Plaintiffs' Amended Complaint, Defendants admit that at some point in time the listed agencies were signatories to the Metro Gang Strike Force Joint Powers Agreement. Defendants admit that the Joint Powers Agreement creating the MGSF specifies that the Advisory Board will consist of the chief law enforcement officer or their designee of each participating agency. Defendants further admit that the Joint Powers Agreement states:

> The Parties shall recommend licensed peace officers or qualified federal law enforcement officers, as appropriate, and other personnel to the MGSF as agreed upon to carry out its purpose and to perform its responsibilities under this Agreement. Officers must be approved by the Board.

Defendants admit that the Joint Powers Agreement specifies that all personnel assigned to the MGSF shall remain employees of the agency assigning the personnel and furthermore, that the Joint Powers Agreement is self-evident. With regard to the second to the last sentence of paragraph 31 of Plaintiffs' Amended Complaint, the term "contractual duty" is a

legal argument or assertion and therefore no answer is required and, further, that the Joint Powers Agreement creating the MGSF is self-evident. Defendants deny the final sentence of paragraph 31.

XVIII.

Defendants admit the first sentence of paragraph 32 of Plaintiffs' Amended Complaint. As to the allegations concerning the Defendant Board members, Defendants admit that said individuals at some point in time were Advisory Board members. Defendants admit that the Joint Powers Agreement indicates that the Board will be established to select and supervise the Metro Commander, approve the selection of participating officers, set the priorities for the work of the MGSF, and approve all expenditures of the MGSF. Defendants deny the remainder of the allegations contained in paragraph 32 of Plaintiffs' Amended Complaint.

XIX.

That with regard to paragraph 33 of Plaintiffs' Amended Complaint, Defendants admit that the allegations partially state the purpose of the Joint Powers Agreement and further admit that the language in Minn. Stat. § 471.59, Minn. Stat. § 299A.641 and the Joint Powers Agreement speaks for itself.

XX.

That with regard to paragraph 34 of Plaintiffs' Amended Complaint, Defendants admit that such language is in paragraph 6.2 of the Joint Powers Agreement and further assert that the language in said Joint Powers Agreement is self-evident.

XXI.

That with regard to paragraph 35 of Plaintiffs' Amended Complaint, Defendants admit that Ron Ryan was the Commander of the MGSF prior to retiring in October 2008 and further that Ron Ryan had been Commander of the Metro Gang Strike Force and the Minnesota Gang Strike Force for approximately 11 years. Defendants admit that Plaintiffs purport to sue Defendant Ryan in both his individual and official capacities, but deny liability.

XXII.

That with regard to paragraph 36 of Plaintiffs' Amended Complaint, Defendants admit that agencies participating in the MGSF were to recommend officers from their respective agencies for participation in the MGSF and further state that the language in the Joint Powers Agreement is self-evident.

With regard to the second sentence of paragraph 36, Defendants admit that the Joint Powers Agreement states in part that "All personnel assigned to the MGSF ("MGSF Personnel") shall remain employees of the agency assigning the personnel..." and that the language of the Joint Powers Agreement is self-evident.

With regard to the third sentence of paragraph 36, Defendants admit that Section 8.7 of the Joint Powers Agreement states in part:

> The Metro Commander or a designee shall refer disciplinary matters involving MGSF Personnel to the person's originating agency for investigation and disposition unless, based on the judgment of the Metro Commander, or his/her designee, a particular matter represents probable cause for the issuance of a criminal complaint, in which case the matter shall be referred directly to an external law enforcement agency for investigation, provided the person's agency head is notified in advance thereof.

Defendants further state that the language contained in the Joint Powers Agreement is self-evident.

With regard to the fourth and fifth sentences of paragraph 36, Defendants assert that the term "loaned officers" is a legal assertion or argument for which no response is required and further state that until the Defendant Doe Officers are identified, Defendants do not have sufficient information so as to ascertain the truth or veracity of said allegations and therefore deny the same.

Furthermore, with regard to the fourth and fifth sentences of paragraph 36, Defendants admit that the MGSF ceased operations some time on or before July 17, 2009.

Defendants deny the remaining allegations contained in paragraph 36.

XXIII.

That with regard to paragraph 37 of Plaintiffs' Amended Complaint, Defendants deny that this Court has jurisdiction over the matter on the basis that the Plaintiffs' Amended Complaint fails to set forth a claim which would grant jurisdiction to this Court. Furthermore, Defendants deny that Plaintiffs are entitled to relief under any of the statutes cited or under any common law basis or doctrine.

XXIV.

That with regard to the first sentence of paragraph 38 of Plaintiffs' Amended Complaint, Defendants admit that the MGSF had an office, conducted operations, housed paperwork and carried out its investigation in the District of the State of Minnesota. Defendants deny the second, third and fourth sentences of paragraph 38.

XXV.

That with regard to the second sentence of paragraph 41 of Plaintiffs' Amended Complaint, such allegations contain a legal assertion and therefore no answer is required. Defendants deny the remainder of the allegations contained in paragraph 41.

XXVI.

Defendants deny the allegations contained in paragraph 44 of Plaintiffs' Amended Complaint and state that the language of Minn. Stat. § 609.5314 is self-evident.

XXVII.

That with regard to the first sentence of paragraph 45, Defendants admit that Plaintiffs seek to bring a class action as set forth therein but deny that this action satisfies the requirements for certification of a class under Rule 23 of the Federal Rules of Civil Procedure. Defendants deny the allegations in the second sentence of paragraph 45.

XXVIII.

That with regard to paragraph 46, Defendants admit that Plaintiffs purport to define a class as set forth therein, but deny that the proposed class can be certified under Rule 23 of the Federal Rules of Civil Procedure.

XXIX.

That with regard to paragraph 47, Defendants admit that Plaintiffs purport to define a subclass as set forth therein, but deny that the proposed subclass can be certified under Rule 23 of the Federal Rules of Civil Procedure.

XXX.

That with regard to paragraph 48, Defendants deny that the proposed definitions of Class and Subclass satisfy the requirement of definiteness under Rule 23, admit that

Defendants have some information bearing on the identify of persons whose property may have been taken without a receipt or inventory itemization and without notice of a right to contest a forfeiture, are without information sufficient to know what Plaintiffs know or believe, and otherwise deny the allegations of paragraph 48.

XXXI.

That with regard to paragraph 51, Defendants are without information sufficient to admit or deny the allegations regarding the commitment of the Plaintiffs or the qualifications or experience of their attorneys, and therefore deny those allegations; and Defendants deny the remaining allegations in paragraph 51.

XXXII.

Defendants state that no answer is required with regard to paragraphs 54, 66, 71, 75, 80, 84, 90, 94, 97 and 100 of Plaintiffs' Amended Complaint.

XXXIII.

With regard to paragraph 56, Defendants admit that governmental units had employees assigned to the MGSF, but the remainder of the allegations are too vague so as to be capable of response.

XXXIV.

That with regard to the first sentence of paragraph 63 of Plaintiffs' Amended Complaint, Defendants are without sufficient information so as to admit or deny whether the Legislative Auditor specifically stated that the MGSF "failed to have sound fiscal management" and therefore deny the same and put the Plaintiffs to their strict burden of proof and further that the language of said Legislative Audit Report is self-evident.

Defendants are unable to admit or deny whether the quote by Hennepin County Sheriff Rich Stanek is accurate and therefore deny the same.

XXXV.

That paragraph 67 of Plaintiffs' Amended Complaint contains a legal assertion regarding the Civil Rights Act and the language of the Civil Rights Act is self-evident and therefore no answer is required.

XXXVI.

That paragraph 72 of Plaintiffs' Amended Complaint contains a legal assertion regarding the Civil Rights Act and the language of the Civil Rights Act is self-evident and therefore no answer is required.

XXXVII.

Defendants deny the first and second sentences of paragraph 77 of Plaintiffs' Amended Complaint and state that the statements made by Ron Ryan to the Office of the Legislative Auditor contained in the second sentence of paragraph 77 are self-evident. With regard to the third sentence of paragraph 77, Defendants admit that the alleged quote is stated, in part, in the Ron Ryan interview transcript to the Office of the Legislative Auditor. That with regard to the fourth sentence of paragraph 77, Defendants admit that the quoted statement is taken in part from the transcript of the Legislative Auditor interview of Ron Ryan, but deny the remaining allegations contained in the fourth sentence of paragraph 77.

XXXVIII.

That Defendants deny the first sentence of paragraph 78 of Plaintiffs' Amended Complaint to the extent that it asserts a legal duty and further state that MGSF personnel were supervised by the MGSF Commander and that the other responsibilities of the

Commander are set forth in the MGSF Advisory Board Organizational By-Laws and in the Joint Powers Agreement which are self-evident and which include that:

> The Metro Commander or a designee shall refer disciplinary matters involving MGSF Personnel to the person's originating agency for investigation and disposition unless, based on the judgment of the Metro Commander, or his/her designee, a particular matter represents probable cause for the issuance of a criminal complaint, in which case the matter shall be referred directly to an external law enforcement agency for investigation, provided the person's agency head is notified in advance thereof. The Metro Commander may exclude contributed members from further involvement in the MGSF subject to review by the Board and approval of the contributing agency.

Defendants admit the second sentence of paragraph 78 of Plaintiffs' Amended Complaint with respect to the period of time when Commander Ryan held the position of Metro Commander with the MGSF. With regard to the third sentence of paragraph 78, Defendants assert that the proper forfeiture procedures are set forth in the Minnesota Statutes which were made available to MGSF personnel. Defendants deny the third, fourth and fifth sentences of paragraph 78.

XXXIX.

That paragraphs 85 and 86 of Plaintiffs' Amended Complaint assert a legal conclusion and therefore no answer is required. Furthermore, with regard to the allegations in paragraph 85, no such cause of action on behalf of and no such legal duty to Plaintiffs exists.

XL.

That with regard to paragraph 93, Defendants admit that there may be particular circumstances where certain individuals are entitled to a return of property seized by the MGSF, and have established a Hotline (administered by the League of Minnesota Cities

Insurance Trust) to provide a way for such individuals to be compensated, and otherwise deny the allegations of paragraph 93.

XLI.

That with regard to paragraph 98 of Plaintiffs' Amended Complaint, Defendants admit that as authorized by law, police officers have legal authority to intentionally restrict physical liberty by word or acts and that to the extent that Defendants restrained Plaintiffs' liberties, such restriction was constitutional and undertaken as authorized by law. Defendants are without sufficient information so as to ascertain the truth or veracity of the remaining allegations in paragraph 98 and therefore deny the same and put the Plaintiffs to proof.

XLII.

That paragraph 103 of Plaintiffs' Amended Complaint asserts a legal conclusion and therefore no answer is required.

XLIII.

That Plaintiffs' Amended Complaint is barred for failure to state a claim upon which relief can be granted.

XLIV.

That some of plaintiffs' claims herein are barred by the applicable statute of limitations, including, but not limited to, Minn. Stat. § 541.07 and/or Minn. Stat. § 541.06.

XLV.

That Plaintiffs' claims are barred on the basis that there was no constitutional injury or violation.

XLVI.

That the actions of these answering Defendants at all times were taken while acting in good faith and with the reasonable belief that their actions were constitutional, legal, valid and proper and done while exercising their lawful authority.

XLVII.

That the Plaintiffs are not entitled to any declaratory relief as requested in Plaintiffs' Amended Complaint.

XLVIII.

That Plaintiffs' lack standing to bring some or all of the claims set forth in Plaintiffs' Amended Complaint.

XLIX.

That any claims by Plaintiffs are barred by the equitable doctrine of unclean hands or laches.

L.

That some of Plaintiffs' claims may be barred by collateral estoppel, res judicata, waiver or estoppel.

LI.

That Plaintiffs' claims against Defendants are barred in whole or in part by the doctrine of qualified immunity and/or discretionary immunity and/or official immunity and/or all immunities provided by Minn. Stat. Chapter 466 and/or Minn. Stat. Chapter 3.736.

LII.

That Plaintiffs have failed to make a prima facie case of discrimination.

LIII.

That Plaintiffs' claims are barred in whole or in part on the basis of the *Parratt* doctrine and/or existing remedies under state law.

WHEREFORE, defendants pray that Plaintiffs take nothing against them by their pretended claim for relief herein; that they be given judgment for their costs, disbursements and attorney's fees and for such other relief as the court may deem just and equitable; and further Defendants pray that Plaintiffs' Amended Complaint be dismissed with prejudice and that judgment be entered in favor of Defendants in accordance with said Order of Dismissal.

DATED: 12-14-09

JARDINE, LOGAN & O'BRIEN, P.L.L.P.

By: ______________________
JOSEPH E. FLYNN (#165712)
LEONARD J. SCHWEICH (#0199515)
8519 Eagle Point Boulevard, Suite 100
Lake Elmo, MN 55042-8624
651-290-6500

**ATTORNEYS FOR DEFENDANTS**

and

William L. Greene (#0198730)
LEONARD STREET & DEINARD, P.A.
150 S. Fifth Street, Suite 2300
Minneapolis, MN 55402
612-335-1568

**ATTORNEYS FOR METRO GANG STRIKE FORCE**