# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

|                                        |                                      |
|----------------------------------------|--------------------------------------|
| ZELAIDO RIVERA GARCIA, et al.          | Case No. 09-cv-01996-JNE-AJB         |
|     Plaintiffs,    |                                      |
|                                        | Judge Joan N. Ericksen               |
| v.                                     |                                      |
|                                        | Magistrate Judge Arthur J. Boylan    |
| METRO GANG STRIKE FORCE, et al.        |                                      |
|     Defendants.    |                                      |

## SETTLEMENT ORDER AND FINAL JUDGMENT

This action was heard on December 16, 2010, before the undersigned, upon Plaintiffs' Motion for Final Approval of Settlement, Certification of Settlement Class, and Payment of Attorneys' Fees and Reimbursement of Litigation Expenses (Docket #63), and pursuant to the Order Preliminarily Approving Settlement and Approving Notice to Class Members (the "Preliminary Approval Order") entered on September 14, 2010, for the purpose of determining: (i) whether a settlement class could be certified pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure; (ii) whether the proposed settlement (the "Settlement") on the terms and conditions set forth in the Settlement Agreement previously submitted to the Court, should be approved as fair, reasonable and adequate; (iii) whether the method of notice was the best notice that was practicable under the circumstances pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure; (iv) whether "incentive" or "special" awards for named plaintiffs serving as class representatives pursuant to the Settlement Agreement should be

7303392v1

approved; (v) whether Class Counsels' application for fees and expenses is appropriate; and (vi) whether final judgment should be entered in this matter.

Having conducted the analysis required by the statute, the Court finds and concludes, for purposes of settlement only, that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied; that a settlement class should be certified; that the Settlement is fair, adequate, and reasonable; that notice was provided in accordance with Rule 23(c)(2); that "incentive" or "special" awards to named plaintiffs serving as class representatives should be approved; that Class Counsels' fees and expenses are appropriate and should be awarded; and that final judgment should be entered.

Having considered the record in this action, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. The "Definitions" section of the Settlement Agreement is incorporated herein by reference. All capitalized terms used in this Order have the meaning set forth in the Settlement Agreement unless otherwise expressly indicated.

2. This action is maintainable as a class action for settlement purposes only on behalf of a class ("the Settlement Class") consisting of all persons who:

>   (a) have been stopped, questioned, arrested, charged, frisked, detained or searched (including but not limited to persons who have had property searched or seized), or whose dwelling was searched;
>
>   (b) by a peace officer or peace officers serving on or assisting the MGSF or by a peace officer or peace officers serving on or assisting the Minnesota Gang Strike Force;

(c) in an incident where property was taken from one or more of the individuals stopped, questioned, arrested, detained or searched (or during a search and seizure of property belonging to one or more of such individuals); and

(d) the property was taken

   i. without a receipt or inventory itemization, or

   ii. without notification to the property owner of his or her right to contest the forfeiture.

The Settlement Class includes, but is not limited to, the persons whose property was taken in connection with one of the 202 incidents referenced in Finding 8 of the Report of the Office of the Legislative Auditor dated May 20, 2009.

The Settlement Class does not include persons who commenced and settled individual lawsuits against one or more of the Released Parties regarding claims encompassed in the definition of Released Claims.

3. For settlement purposes only, the Court finds that the prerequisites of Rule 23(a) and (b)(3) are satisfied and hereby certifies the foregoing defined Settlement Class pursuant to Rule 23(b)(3).

4. The prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure are satisfied by the Settlement Class, in that: (1) The number of class members comprising the Settlement Class is so numerous that joinder of all members is impracticable. Settlement Class includes, but is not limited to, the persons whose property was taken in connection with one of the 202 incidents referenced in Finding 8 of the Report of the Office of the Legislative Auditor dated May 20, 2009. (2) There are questions of law or fact common to the Settlement Class, including (a) whether

Defendants were required to provide receipts of seized property, (b) whether Defendants were required to provide notices of the right to contest the forfeiture of property, (c) whether Defendants repeatedly failed to provide receipts of seized property, (d) whether Defendants repeatedly failed to provide notice of the right to contest the forfeitures as required by Minnesota law (Minn. Stat. § 609.5314), (e) whether Defendants acted under color of law when improperly seizing property, (f) whether Defendants failed to create records of seized property and incidents leading to the seizure of property, and (g) whether Defendants failed to properly maintain records of seized property and incidents leading to the seizure of property. (3) The claims or defenses of the proposed Class Representatives are typical of the claims or defenses of the other members of the Settlement Class. (4) The proposed Class Representatives and Class Counsel will fairly and adequately protect the interests of the Settlement Class. (5) The questions of law and fact common to the Settlement Class members predominate over any questions affecting only individual Settlement Class members. (6) Class action treatment is superior to other available methods for the fair and efficient resolution of this controversy. The Court also notes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a class action involving the issues in this case.

5. In making its findings, the Court has been provided copies of (1) the Report on the Metro Gang Strike Force issued by the Office of the Legislative Auditor for the State of Minnesota on or about May 20, 2009 and (2) the Report of the Metro Gang Strike Force Review Panel issued on or about August 20, 2009.

6. The Court finds that counsel for the Plaintiffs, Zimmerman Reed, P.L.L.P., Fishman & Binsfeld P.A. and the Alvarez Law Firm, are competent to serve as Class Counsel and will fairly and adequately represent the interests of the class.

7. The Court has received and reviewed the following submissions regarding the implementation of notice:

    (a)    Affidavit of Elizabeth A. Peterson dated November 4, 2010 [Docket No. 67];

    (b)    Declaration of Jonathan Reid dated November 4, 2010 [Docket No. 68];

    (c)    Supplemental Affidavit of Elizabeth A. Peterson dated November 19, 2010 [Docket No. 70]; and

    (d)    Supplemental Declaration of Jonathan Reid dated November 19, 2010 [Docket No. 71].

8. Based on the submissions provided to the Court, the Court finds that notice has been given to the class pursuant to the Preliminary Approval Order, and that the mailing and publication of the Notice of Proposed Class Action Settlement and Release of Claims (the "Notice") in accordance with the methodology adopted pursuant to this Settlement (a) was the best notice that was practicable to members of the Settlement Class; (b) was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, certification of the Settlement Class, the proposed Settlement, the rights of Class Members to object to the Settlement and the application of Plaintiffs' counsel for payment of their attorneys' fees and reimbursement of their litigation expenses, and to request exclusion from the Settlement Class; (c) was reasonable and satisfied the requirements of due process by providing due, adequate, and

5

sufficient notice to all persons and entities entitled to receive notice; (d) clearly and concisely stated in plain, easily understood language: (i) the nature of the action, (ii) the definition of the class certified, (iii) the class claims, issues or defenses, (iv) that a class member may enter an appearance through an attorney if the member so desires, (v) that the court will exclude from the class any member who requests exclusion, (vi) the time and manner for requesting exclusion, and (vii) the binding effect of a class judgment on members under Rule 23(c)(3) of the Federal Rules of Civil Procedure; and (e) met all applicable requirements of law including, but not limited to, Rule 23(c) and the Due Process Clause of the Fifth Amendment to the United States Constitution.

9. Based on the submissions provided to the Court, the Court finds that Defendants have satisfied 28 U.S.C. § 1715(b) by, within 10 days after the Settlement was filed with the Court, serving upon the appropriate State official of each state in which a class member resides and the appropriate Federal official the Notice required under the statute. In accordance with 28 U.S.C. § 1715(d), more than 90 days have elapsed since the above-referenced notice was provided.

10. The terms of the Settlement, as set forth in the Settlement Agreement, are hereby determined to be fair, reasonable, and adequate. Accordingly, said Agreement, including each of its respective terms and conditions, is hereby finally approved.

11. At the request and suggestion of Class Counsel, the named plaintiffs serving as Class Representatives, namely Zelaido Rivera Garcia, Maura Gonzalez Salinas, Adrian Ramirez-Cuevas, and Camerina Cuevas Lopez, are awarded incentive awards in the amount of $2,500 each in addition to any distributions as part of the

Settlement calculation to which they may be entitled, to compensate them for the time and efforts in leading this case for the benefits of the Class members.

12. The Court finds that counsel for the Plaintiffs, Zimmerman Reed, P.L.L.P., is competent to serve as Claims Administrator and will fairly and efficiently administer the remaining settlement requirements.

13. The Court hereby enters judgment fully and finally dismissing and terminating all claims with prejudice, on the merits, against Defendants.

14. The Settling Class Members, those persons bound by the Settlement Agreement and subject to this Settlement Order and Final Judgment, consist of all persons included within the Settlement Class except for the three individuals, identified in the Administrator's Opt-Out Report, who filed timely requests for exclusion from the Settlement Class. (The three individuals identified in the Administrator's Opt-Out Report are James Mackey, Maria Mackey and Kimberly Nagel.)

15. Pending the Effective Date, neither the Plaintiffs, nor any Settling Class Member, either directly, representatively, or in any other capacity, shall prosecute any action or proceeding in any court, tribunal or other forum asserting any of the Released Claims against the Released Parties.

16. As of the Effective Date:

   (a) Each Settling Class Member is deemed to have released and forever discharged the Released Parties from any and all Released Claims.

   (b) The Released Parties are not, and in the future shall not be, subject to liability or expense of any kind to Settling Class Members with respect to any of the Released Claims. The

7

provisions of the Agreement shall be the exclusive remedy of all Settling Class Members against the Released Parties.

(c) Each Settling Class Member is forever barred from asserting any of the Released Claims against any of the Released Parties.

(d) Each Settling Class Member is deemed to have covenanted and agreed (a) that he or she will forever refrain from instituting, maintaining or proceeding against any Released Party on any Released Claim, including Released Claims known and not now known, suspected, or claimed, that they have or hereafter may have against the Released Parties; and (b) that he or she release the Released Parties from each and every such Released Claim.

17. As of the Effective Date, Settling Class Members are permanently enjoined from filing, commencing, prosecuting, continuing, litigating, intervening in, participating in as class members or otherwise, seeking to certify a class in a separate class of persons, as a purported class action (including by seeking to amend a pending complaint to include class allegations), or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction, based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in or underlying this action which qualify them as Class Members.

18. As of the Effective Date, all Settling Class Members are forever barred and permanently enjoined from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction), if such other lawsuit is based on or relates to the claims and causes of action, or the facts and circumstances relating thereto, in this action and/or the Released Claims.

8

19. Attorneys' fees are awarded as set forth in a separate order entered on this date.

20. Defendants have denied liability in this matter, and this Settlement does not constitute an admission of liability or wrongdoing. Neither this Final Judgment, the Settlement Agreement, the fact of settlement, the settlement proceedings, settlement negotiations, nor any related document, shall be used as an admission of any act or omission by Defendants or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by Defendants in any proceeding other than such proceedings as may be necessary to consummate or enforce the Settlement.

21. Defendants shall have no responsibility for and shall have no liability whatsoever with respect to the allocation among Class Counsel and/or any other person who may assert a claim thereto, of any attorneys' fees or expenses that the Court may award.

22. The Court retains jurisdiction over this Settlement to the extent necessary to implement, effectuate and administer this Settlement and this Settlement Order and Final Judgment, including, but not limited to, any issues arising from the Court's award of attorneys' fees.

This 16th day of December, 2010.

s/ Joan N. Ericksen
Judge Joan N. Ericksen
United States District Judge
